UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEAN LIU, )<br>      Plaintiff )<br>)<br>VS. )<br>)<br>TARGET CORPORATION, )<br>      Defendant )<br>) | CIVIL ACTION NO.:1:13CV10269 |

**DEFENDANT TARGET CORPORATION'S
RENEWED MOTION FOR SUMMARY JUDGMENT**

Defendant Target Corporation (hereinafter "Target") respectfully renews its motion for summary judgment.

INTRODUCTION AND PROCEDURAL HISTORY

On December 14, 2009, Plaintiff allegedly tripped and fell while walking toward the entrance of the Target store in Watertown, Massachusetts. Plaintiff alleges that she tripped on a "dangerous and defective" curb located in front of Target. Plaintiff takes issue with the "rolled" design of the curb, alleging that its "uneven, sloped surface…creates an excessive cross slope." The day of the incident was cloudy and cool, and there was no rain, snow or other precipitation. Photographs and video of the area clearly show that the curb. Plaintiff admits that she had seen the curb in front of the Target store before the day of the incident. Plaintiff also admits that she saw the curb as she was walking from her car in the parking lot toward the entrance of the Target store in the moments before the incident. Plaintiff seeks to recover against Target on two counts: negligence and violation of the Massachusetts Building Code.

On May 1, 2014, Target moved for summary judgment. Plaintiff opposed Target's motion on the principal basis that, pursuant to FRCP 56(f), Plaintiff should be entitled to conduct

further discovery of Target prior to summary judgment proceedings notwithstanding that the discovery period had closed months earlier.[1]  Plaintiff subsequently brought various motions seeking additional discovery from Target, which motions Target opposed.[2]  On July 1, 2014, this Court denied Target's motion for summary judgment without prejudice and ordered additional, limited discovery of Target.[3]

The additional discovery of Target allowed by the Court has now been completed, including Target's deposition.  As a result, Target respectfully renews its motion for summary judgment on Plaintiff's negligence cause of action on the basis that the subject curb was open and obvious, and thus Target owed no duty to Plaintiff.  In addition, Target moves for summary judgment on Plaintiff's cause of action for violation of the Massachusetts Building Code on the grounds that Massachusetts does not recognize any independent cause of action for violation of the Massachusetts Building Code.

FACTS[4]

1.  On December 14, 2009, Plaintiff allegedly tripped and fell while walking toward the entrance of the Target store in Watertown, Massachusetts.  **Exhibit A**, *Plaintiff's Complaint*, at ¶ 3;[5] **Exhibit B**, *Deposition of Plaintiff*, at p. 51, lines 13-15; p. 71, lines 8-12.

---

[1] Plaintiff also opposed Target's motion on the grounds that the expert report attached as an exhibit to Target's motion was not properly authenticated.  Although Target maintained that this argument was without merit as the report had been authenticated by an affidavit of counsel, Target obtained leave to supplement its filing with an affidavit of the expert to authenticate the report further.  Plaintiff further opposed Target's motion on the grounds that a jury, and not the Court, should decide the case.  For the reasons set forth in Target' original motion for summary judgment and this renewed motion for summary judgment, Target maintains that there is no question of fact warranting a trial, and that it is entitled to summary judgment as a matter of law.
[2] See Docket Nos. 46, 50-51, 53-55, 57, and 63.
[3] See Docket No. 65.
[4] For the purposes of this Motion only, Target has stated all facts in the light most favorable to the non-moving party.  Target reserves its rights to dispute any and all facts asserted herein.
[5] See **Exhibit L**, *Affidavit of Alan E. Brown, Esquire*, for authentication of Exhibits **A-K** attached to this Motion.

1467901v1

2. Plaintiff alleges that she tripped on a "dangerous and defective" curb located in front of Target. **Exhibit A**, at ¶ 3. Plaintiff takes issue with the "rolled" design of the curb, alleging that its "uneven, sloped surface…creates an excessive cross slope." **Exhibit A**, at ¶ 5.

3. Plaintiff seeks to recover against Target on two counts: negligence and violation of the Massachusetts Building Code. **Exhibit A**, at ¶¶ 11-12.

4. The day of the incident was cloudy and cool, and there was no rain, snow or other precipitation. **Exhibit B**, at p. 68, lines 3-7.

5. Plaintiff had seen the curb in front of the Target store before the day of the incident. **Exhibit B**, at p. 64, lines 12-15. Plaintiff saw the curb as she was walking from her car in the parking lot toward the entrance of the Target store in the moments before the incident. **Exhibit B**, at p. 64, lines 7-11.

6. Plaintiff testified at deposition that she was walking toward the Target entrance when she tripped on "[t]he uneven part of the curb." **Exhibit B**, at p. 51, lines 13-15; p. 71, lines 8-12.

7. Plaintiff depicted the location of her fall with a circle on the following photograph, marked as **Exhibit 6** at Plaintiff's deposition:



See **Exhibit B**, at p. 147, lines 1-24; p. 148, lines 1-19; p. 149, lines 3-9;[6] see also **Exhibit D**, *Photographs Depicting the Subject Rolled Curb*.[7]  Plaintiff's fall is captured in video footage. **Exhibit E**, *Video of Plaintiff's Incident*.

8. Plaintiff testified at deposition that, as she was walking toward the rolled curb, Plaintiff had her pocketbook in front of her and was looking down. **Exhibit B**, at p. 143, lines

---

[6] A full copy of this exhibit is attached as **Exhibit C**.
[7] Target is please to arrange for an inspection of the subject rolled curb if doing so would aid the Court in this matter.

18-24; p. 144, lines 1-3.  Just as she arrived at the rolled curb, Plaintiff put her pocketbook on her left shoulder and simultaneously fell forward onto the ground.  **Exhibit B**, at p. 144, lines 8-20.

9. Target has retained expert Walter Blair Adams ("Adams"), who has prepared a report stating that the subject rolled curb:  1) complied with all applicable building code and other regulations; 2) was clearly identified by the transition in paving mater and concrete ribbing; and 3) was in excellent condition, smooth and free of any projections or tripping hazards.  **Exhibit F**, *Report of Expert Walter Blair Adams*, at ¶¶ 14, 21, 23-24; see **Exhibits** C-E.

10. Mr. Adams also details the records and inspections of the Watertown Building Department concerning the subject area as follows:

> 8. The card index property file of the Watertown Building Department indicates that the building was constructed in 1975 and has been altered several times since then. The card index property file includes numerous building permits for alterations to the Target store in 2009, including a Final Certificate of Occupancy for the entire building, issued on 7/8/09.
>
> 9. The review of the card file record indicates that there is no record of any complaints, building violation notices, or Exit Orders having been filed on the property, nor any indication that the Watertown Building Department had ever directed that the building's egress system, including exterior sidewalks and walkways be altered, upgraded, or improved, or that any hazardous condition be abated.
>
> 12. The Watertown building inspector inspected the building during the site alterations in 2008 as well as on many occasions during the no less than nine interior alteration projects in 2009, including at the time that the Certificate of Occupancy for that work was issued on July 8, 2009.
>
> 13. During all of these inspections and at the time of the issued Certificate of Occupancy in July of 2009, the Building Inspector found no unsafe condition requiring remediation and, in fact, found the building and site to be in compliance with the requirements of the Massachusetts State Building Code and associated codes and regulations. There is no record on file with the Watertown Building Department that any complaints of hazardous conditions at the building have ever been filed. And there is no record of any notice of violation, or order to correct any unsafe condition, or hazardous exit way at the property.

**Exhibit F**, at ¶¶ 8-13.

11. An August 5, 2008 letter from Target to Watertown Inspector of Buildings, Ken Thompson provided the background of the design of the rolled curb used at the Watertown Target. This letter was sent in response to Mr. Thompson's discussions with the project architect at the site. The letter explained that the design was developed in 2004 as a method of making the sidewalks more accessible and safer for guests, including those with disabilities, and guests with shopping carts and strollers. Target's letter stated that curb designs are not addressed in the various access regulations, that many municipalities throughout the country have adopted similar rolled curb designs, and that Target has used the rolled curb design in hundreds of their stores, including a number of stores in Massachusetts.

**Exhibit G**, *Supplement to Report of Expert Walter Blair Adams*, at ¶¶ 11; **Exhibit H**, *August 8, 2008 Letter*. The August 8, 2008, letter clearly demonstrates that the Watertown Building Inspector was not simply generally aware of the rolled curb element of Target's curb design, but specifically considered and determined that the rolled curb complied with the applicable building code regulations.

11. Plaintiff has designated David C. Cowen to provide opinions in this matter. Mr. Cowen has opined that the subject rolled curb was a tripping hazard and inconspicuous in light of its violation of various (supposedly applicable) building regulations. **Exhibit I**, *Report of David Cowen*, at p. 8.

12. Mr. Cowen acknowledged in his report and at his deposition that the 6th Edition of the Massachusetts Building Code applied to the subject rolled curb. **Exhibit I**, at p. 5**; Exhibit J**, *September 4, 2015, Deposition of David C. Cowen*, at p. 57, lines 16-19; p. 93, lines 4-7.

13. Mr. Cowen admitted at his deposition that most of the codes and regulations to which he cites to in his report, **Exhibit I**, specifically, the International Building Code (p. 6), ASTM F1637 (pp. 6-7), and NFPA 101 (the Life Safety Code) (p. 8), were <u>not</u> adopted as part of the 6th Edition of the Massachusetts Building Code. **Exhibit J**, at p. 73, lines 1-11; p. 91, lines

21-24; p. 92, lines 1-24; p. 123, lines 22-24; p. 124, lines 1-9; see also Exhibit **G**, at ¶ 12.  This renders Mr. Cowen's analysis fundamentally irrelevant.

## ARGUMENT

A.   Summary Judgment Standard

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitle to a judgment as a matter of law." FRCP 56(c). "Once the moving party…makes this showing, the party bearing the ultimate burden of proof…cannot rest on mere allegations, but must proffer sufficient competent evidence upon which a rational trier of fact could find in its favor." *Wyner v. North Am. Specialty Ins. Co.*, 78 F.3d 752, 754 (1st Cir. 1996).

In this case, there is no genuine issue of material fact and, therefore, Target is entitled to judgment as a matter of law.

B.   The Subject Condition, a Rolled Curb, was Open and Obvious; therefore, Target Owed No Duty to Plaintiff and Target is Entitled to Summary Judgment on Plaintiff's Negligence Claim

In order to establish liability on a negligence claim, a plaintiff must prove (1) there was a legal duty owed by the defendant to the plaintiff, (2) the defendant breached that duty, and (3) as a result of the breach the plaintiff suffered an injury. *Nelson v. Groswald*, 2007 WL 2254681, *2 (Mass. App. Ct.), citing *Davis v. Westwood Group*, 420 Mass. 739, 742-743 (1995).  As Plaintiff cannot establish that Target owed her any duty as a result of the open and obvious nature of the rolled curb, Target is entitled to summary judgment on Plaintiff's negligence claim.

"Although an owner or possessor of land owes to all persons lawfully on the premises a common-law duty of reasonable care to maintain the property in a reasonably safe condition and 'to warn visitors of any unreasonable dangers of which the landowner is aware or reasonably

should be aware. . .the duty to warn does not extend to dangers that would be obvious to persons of average intelligence.'" *Nelson*, supra, quoting *Costa v. Boston Red Sox Baseball Club*, 61 Mass. App. Ct. 299, 302-303 (2004). "Where a danger would be obvious to a person of ordinary perception and judgment, a landowner may reasonably assume that a visitor has knowledge of it and, therefore, 'any further warning would be an empty form,' that would not reduce the likelihood of resulting harm." *Id.*[8]

The standard to be employed in determining whether a particular danger is "open and obvious" is an objective standard. *Nelson*, supra; see *Roper v. City of Fall River*, 71 Mass. App. Ct. 1103 (2008) (Rule 1:28 decision; affirming trial court's summary judgment decision in favor of property owner that stairway was open and obvious, stating "[a] person of average intelligence would have recognized that walking up or down the staircase, without taking special note of their steps, risked suffering injury by slipping or falling down the stairs"). Furthermore, a business owner is "not obliged to supply a place of maximum safety, but only one which would be safe to a person who exercises such minimum care as the circumstances reasonably indicate." *Standley v. Hockeytown U.S.A., Inc.*, 2009 WL 304410, *2 (Mass. App. Ct.), quoting *Lyon v. Morphew*, 424 Mass. 828, 833 (1997). "The mere happening of an accident is not indicative of negligence." *Id.* On a daily basis, Target customers successfully negotiate the rolled curb while entering and exiting the store. Rather, for liability in negligence to attach there must be a failure

---

[8] The *Nelson* court noted examples of dangers sufficiently obvious as not to impose a duty to warn. See, e.g., *O'Sullivan v. Shaw*, 431 Mass. 201 (2000) (diving headfirst into shallow end of pool); *Toubiana v. Priestly*, 402 Mass. 84, 88-89 (1988) (transporting lumber with end of board extending through gap in elevator ceiling); *Thorson v. Mandell*, 402 Mass. 744, 749 (1988) (performing backflip on hard wood floor); *Greenslade v. Mohawk Park, Inc.*, 59 Mass. App. Ct. 850, 853-854 (2003) (using rope swing extending over river); *Costa,* supra, at 303 (being hit by a foul ball while attending a baseball game); see also *Young v. Atlantic Richfield Co.*, 400 Mass. 837, 842-43 (1987) (finding gas station had no duty to warn patrons of danger posed by increased traffic due to placement of air pump on property); *Glick v. Prince Italian Foods*, 25 Mass. App. Ct. 901, 904 (1987) (recognizing that the danger posed by out-of-control automobiles is obvious); *Polak v. Whitney*, 21 Mass. App. Ct. 349 (1985) (finding landowner had no duty to warn of the obvious risk of sleeping in a parked car adjacent to road).

1467901v1

by the defendant to use care to avoid a danger of which the defendant knew or should have known." *Id.*

### 1. The Subject Condition, a Rolled Curb, was Open and Obvious

Plaintiff's negligence claim fails under an open/obvious analysis because the condition of the rolled curb was open and obvious. The objective standard applied to the open and obvious analysis underscores the legal insufficiency of Plaintiff's claim. See *Nelson*, supra, citing *Costa*, supra at 302-303 (noting, "'any further warning would be an empty form,' that would not reduce the likelihood of resulting harm."); *Roper*, supra. Here, there was no rain, snow or other precipitation obscuring Plaintiff's view of the rolled curb. The rolled curb is marked by changes in color from the bituminous paving to the concrete walkways, as well as 1-foot deep ribbed transition surfaces, which clearly identify that a change from the asphalt parking lot and driveway to the concrete sidewalk is occurring. Photographs of the area and the video of the incident clearly show the open and obvious nature of this transition. Moreover, a series of large, 30-inch diameter bright red ball landscape elements along the front of the Target store designate the transition between the driveway and the assessable sidewalk level entry to the store. Finally, Plaintiff, herself, had seen the rolled curb in front of the Target store on multiple prior occasions before the date of the incident and again just moments before the incident.

Plaintiff's accident falls squarely within the open and obvious doctrine described in detail above. As such, Target did not owe Plaintiff a duty to warn her of the rolled curb, and summary judgment must enter in Target's favor on Plaintiff's negligence claim.

2. <u>The Subject Condition, A Rolled Curb, was Not a Dangerous Condition as it Conformed with the Applicable Codes and Regulations, and thus Target Owed No Duty to Remedy</u>

Notwithstanding its open and obvious nature, under Massachusetts law "[a] landowner…'is not relieved from remedying an open and obvious danger where [the landowner] 'can and should anticipate that the dangerous condition will cause physical harm to the [lawful visitor] notwithstanding its known or obvious danger.'" *Dos Santos v. Coleta*, 465 Mass. 148, 154 (2013) (internal citation and quotations omitted). This is referred to as the "duty to remedy". *Id*. Target could not anticipate that the rolled curb would cause physical harm notwithstanding its allegedly known or obvious danger, and thus summary judgment must enter in Target's favor on Plaintiff's negligence claim.

It is anticipated that Plaintiff may cite to anecdotal evidence of the fact that there were slipping or tripping incidents on Target rolled curbs prior to Plaintiff's accident. However, Plaintiff has not produced or disclosed any evidence whatsoever showing that the rate of tripping incidents is higher at the location of the rolled curb versus any other location on the sidewalk or in the parking lot, that the incident rate increased following installation of the rolled curb at this Target store, or that the rate of incidents generally is higher on rolled curbs than on other types of curbing or walkways.[9] As noted above, "the mere happening of an accident is not indicative of negligence." *Hockeytown U.S.A., Inc.*, <u>supra</u>.

Likewise, Target's expert, Walter Blair Adams, opines that the sidewalk in front of the Target store complied with all applicable building codes, and thus was not a dangerous condition. Although Plaintiff has retained Mr. Cowen to opine to the contrary, Mr. Cowen

---

[9] Target has produced to Plaintiff a spreadsheet consisting of 2,776 pages that shows 174,909 transactions were consummated at the Watertown Target store in December 2009 (the month of Plaintiff's incident) alone,. A summary of the number of transactions by month for the period July 2009 to May 2010 is attached for the Court's reference as **Exhibit K**. A complete copy of this spreadsheet has not been attached to this motion due to its size but Target is pleased to provide it upon request in either electronic or paper form.

1467901v1

acknowledges that most of the standards to which he cites as having been violated have not been adopted by Massachusetts.[10,11] In granting summary judgment, this Court may accept Adams' citations to <u>applicable</u> codes and regulations.[12] *Corsetti v. Stone Company*, 396 Mass. 1 (1985) ("the interpretation of an administrative regulation is a question of law which must be decided by the court.").

Finally, the rolled curb was approved by the Watertown building inspector when the Target store was granted a Certificate of Occupancy. The Watertown Building Department inspected the building on many occasions during site alterations at the store in 2008 and 2009, and at the time that the Certificate of Occupancy was issued on July 8, 2009, and found the building and site to be in compliance with the requirements of the Massachusetts State Building Code and associated codes and regulations including the AAB regulation <u>after having specifically reviewed the rolled curb and its design with Target</u>.[13] See **Exhibit H**. There is no record on file with the Watertown Building Department that any complaints of hazardous

---

[10] The Court may dispose of Plaintiff's claims at the summary judgment stage, notwithstanding that the parties have submitted competing expert opinions. See *Lesley v. Hee Man Chie*, 250 F.3d 47, 60 (1st Cir. 2001) (noting, "the court may still grant summary judgment to the defendant without deciding [which expert] is right.").

[11] Mr. Cowen also argues that the subject rolled curb does not comply with the Massachusetts Building Code concerning means of egress ramps, citing to 780 CMR 1016.0. However, as detailed in Mr. Adams' supplemental report, **Exhibit G**, "[t]he exit discharge from the front of the Target store is along the level path from the exit doors, across the sidewalk onto the drive and parking area leading to the public ways to the south and east. This 50-foot wide level path provides almost twice the amount of exit discharge capacity required for the two sets of exit doors providing egress, and accessible access and egress from the front of the store. The rolled curb where Ms. Liu fell is another path one could follow, but it is not an element of the required exit discharge." **Exhibit G,** at ¶ 14; see also 780 CMR 1002.0 (defining, *inter alia*, "Exit discharge" and "Means of egress"); 780 CMR 1006.3 (Exit Discharge: All *exits* shall discharge at a *public way* or at a yard, *court* or open space <u>of the required width and size</u> to provide all occupants with a safe access to a *public way*) (italics in original; underlying added); 780 CMR 1007.0 (Accessible Means of Egress).

[12] Mr. Adams cites the Massachusetts State Building Code, 780 CMR 1.00 *et seq.* (6th Edition) and the Massachusetts Architectural Access Board Regulations, 521 CMR 1.00 *et seq.* See **Exhibit F**.

[13] As Mr. Adams notes in his report, 780 CMR §3400.5 Hazardous Means of Egress, in the 6th edition Building Code states that in any existing building not provided with code compliant exit facilities, and which are deemed hazardous to life and limb, the building official shall declare such building unsafe and order the condition remedied. In addition, 780 CMR §3400.5.1, Exit Order/Hazardous Egress, in the 6th edition Building Code states that in any existing building where exits are deemed hazardous or dangerous the building official shall declare such building dangerous and unsafe and issue an exit order. See also 780 CMR 120.0 (Certificate of Occupancy).

11

conditions at the building have ever been filed. And there is no record of any notice of violation, or order to correct any unsafe condition, or hazardous exit way at the property.

On these facts, summary judgment in favor of Target is appropriate. See *Lesley*, supra at 60.

    C.    <u>Massachusetts does Not Recognize an Independent Cause of Action for Violation of the Building Code</u>

Massachusetts does not recognize an independent cause of action for violation of the Building code. *Perry v. Medeiros*, 369 Mass. 836, 841 (1976) ("The general rule in Massachusetts is that violation of a safety statute or ordinance does not in itself give rise to a cause of action but is evidence of negligence."), quoting *Dolan v. Suffolk Franklin Sav. Bank*, 355 Mass. 665, 667 (1969); see *Fox v. The Little People's School, Inc.*, 54 Mass. App. Ct. 578, 580 (2002); *Ford v. Boston Hous. Auth.*, 55 Mass. App. Ct. 623, 625-26 (2002).

As Plaintiff expressly pleads violation of the building code as her second cause of action, this cause of action should be dismissed as it is not recognized under Massachusetts law.

## CONCLUSION

For the reasons set forth above, Defendant Target Corporation respectfully requests that this Honorable Court enter summary judgment in its favor.

Respectfully submitted,
Defendant,
Target Corporation
By its Attorneys,

/s/ Sean F. McDonough
/s/ Alan E. Brown

_____
Sean F. McDonough, BBO #564723
Alan E. Brown, BBO #665203
MORRISON MAHONEY, LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 2, 2015.

/s/ Alan E. Brown

_____
Alan E. Brown