UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEAN LIU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil Action No. 1:13-CV-10269-MBB |
| ) | |
| TARGET CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED MOTION
FOR SUMMARY JUDGMENT**

**INTRODUCTION**

On December 14, 2009, the Plaintiff, Jean Liu, while lawfully on the premises of 550 Arsenal Street, for purposes of patronizing the Target Department Store, tripped on a curb and fell while attempting to access the store's entryway sidewalk. The cause of her fall was the existence of a curb with an internally uneven convex design -- neither flat nor beveled -- which was indiscernible, and which looked flat, as she approached it from the parking lot.

On December 7, 2012, Plaintiff filed the instant lawsuit, alleging that the curb at issue constituted a hazardous and unsafe condition upon the premises, in that:

- The sidewalk in front of the store has a "rolled curb" design. The "rolled curb" used at this Target store begins as a walking surface which is flush and level with both the sidewalk and the asphalt parking lot at the store's entrance, and then transitions to an uneven, concave, sloped surface. The uneven, sloped surface of the curb creates an excessive cross slope. The curb and the sidewalk are both formed with concrete and there are no markings or painted striping to distinguish the curb from the sidewalk.

- The "rolled curb" design, distractions, including other pedestrians and vehicular traffic, as well as lack of markings, make the transition from a level walking surface to an uneven, sloped walking surface difficult for pedestrians to perceive and increase the chance for missteps and trips. The unmarked and uneven, sloped walking surface of the "rolled curb," was unsafe.

The action is before the Court on Defendant's motion for summary judgment.

## FACTS

Plaintiff incorporates her Statement pursuant to Local Rule 56.1.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party carries its burden, the burden shifts to the nonmoving party to demonstrate, with regard to each issue on which it has the burden of proof, that a trier of fact could reasonably find in its favor. See *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997). At this stage, the nonmoving party "may not rest upon mere allegation or denials of [the movant's] pleading, but must set forth specific facts showing that there is a genuine issue" of material fact as to each issue upon which he or she bears the ultimate burden of proof at trial. *Id*. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). "A 'genuine' issue is one that could be resolved in favor of either party, and a 'material fact' is one that has the potential of affecting the outcome of the case." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-250 (1986). *International*

*Assn. of Machinists and Aerospace Workers v. Winship Green Nursing Center*, 103 F.3d 196, 199-200 (1st Cir. 1996).

> Because our justice system leaves credibility determinations for a jury, not a judge, see Anderson, 477 U.S. at 255, when reviewing the record, the court "must disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Courts may base grants of summary judgment only on facts admitted by both parties and must disregard all evidence, even if unopposed, which the jury is free to reject. Courts cannot grant summary judgment on an issue on which the moving party bears the burden if the moving party relies on evidence that the jury could disbelieve even where the nonmoving party has presented no contrary evidence

*SEC v. EagleEye Asset Mgmt., LLC*, 975 F. Supp. 2d 151, 156 (D. Mass. 2013).

## ARGUMENT

**I.  IT IS FOR THE JURY, NOT THE COURT, TO ASSESS THE SAFETY CONDITION OF THE PREMISES AND DETERMINE WHETHER TARGET WAS NEGLIGENT.**

Because of the jury's unique competence in applying the reasonable person standard, summary judgment is rarely appropriate with respect to the merits of a negligence case. *Appleby v. Daily Hampshire Gazette*, 395 Mass. 32, 37, 478 N.E.2d 721, 724 (1985). Once a duty of care is shown to exist, "questions of breach, damages, and causation are 'the special province of the jury.'" *Cracchiolo v. Eastern Fisheries, Inc.*, 740 F.3d 64 (2014), quoting *Jupin v. Kask*, 447 Mass. 141, 849 N.E.2d 829, 35 (2006). In this case, the issues relative to the appearance of the subject curb,[1] whether the curb was dangerous, whether the hazard was open and obvious, and the reasonableness of the respective parties' conduct constitute questions for the jury. See

---

[1] Defendant's focus on delineation between the curb and the adjacent blacktop misses the point of the claim. The deceptive uneven condition is undelineated and within the rolled curb itself.

*Cracchiolo v. Eastern Fisheries, Inc.*, 740 F.3d 64, 73-74 (2014); *Quinn v. Morganelli*, 73 Mass.App.Ct. 50, 895 N.E.2d 507, 511 (2008).

An owner or possessor of land owes a common-law duty of reasonable care to all persons lawfully on the premises. *Davis v. Westwood Group*, 420 Mass. 739, 742-743, 652 N.E.2d 567 (1995). This common-law duty includes an obligation to maintain the property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk. *Mounsey v. Ellard*, 363 Mass. 693, 708, 297 N.E.2d 43 (1973). It also includes an obligation to warn visitors of any unreasonable dangers of which the landowner is aware or reasonably should be aware. *O'Sullivan v. Shaw*, 431 Mass. 201, 204, 726 N.E.2d 951 (2000).

> The open and obvious doctrine provides that a property owner has no duty to warn of an open and obvious danger, because the warning would be superfluous for an ordinarily intelligent plaintiff. *O'Sullivan v. Shaw*, 431 Mass. 201, 206, 726 N.E.2d 951 (2000). Implicit in the open and obvious doctrine, however, is the assumption that the warning provided by the open and obvious nature of the danger is by itself sufficient to relieve the property owner of its duty to protect visitors from dangerous conditions on the property. See *id*. at 204. A property owner, however, is not relieved from remedying an open and obvious danger where it "can and should anticipate that the dangerous condition will cause physical harm to the [lawful visitor] notwithstanding its known or obvious danger." *Soederberg v. Concord Greene Condominium Ass'n*, 76 Mass. App. Ct. 333, 338, 921 N.E.2d 1020 (2010) (*Soederberg*), quoting Restatement (Second) of Torts § 343A comment f, at 220 (1965). "[O]ne of the specific circumstances where harm to others is foreseeable is 'where the [property owner] has reason to expect that the [lawful visitor] will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.'" *Soederberg, supra*, quoting Restatement (Second) of Torts, *supra*.

*Papadopoulos v. Target Corp. 2*, 457 Mass. 368, 379, 930 N.E.2d 142 (2010).

> Section 343A thus instructs that although a duty to warn of an open and obvious danger would be superfluous because an open and obvious danger provides its own warning, a landowner is not relieved from remedying that danger where he knows or has reason to know that lawful entrants may not heed the warning for a variety of reasons, including their own failure to exercise reasonable care.

*Dos Santos v. Coleta*, 465 Mass. 148, 157-158, 987 N.E. 2d 1187 (2013).

Architect David C. Cowen has opined that the slope of the Target curb is unreasonably dangerous, constitutes a tripping hazard, and violates several established safety standards. This establishes a jury issue as to the safety condition of the premises.

In addition, Mr. Cowen has testified, and the photos on which the defendant relies reveal that the transition and level change in the middle of the Target curb is inconspicuous. There is, at minimum, evidence from which reasonable people may differ in their conclusions whether the change of slope within the curb is open and obvious. *Quinn v. Morganelli,* 73 Mass. App. Ct. 50, 54 (2008).[2]

Finally, Target's expectation that its customer would proceed to encounter the slope within the curb is self-evident from its intention and expectation that its customers would be traversing the subject curb. Thus, even if the danger were open and obvious, Target's duty for customer safety would remain.

## II. THE PLAINTIFF STATES A TRIABLE CAUSE OF ACTION BASED ON VIOLATION OF THE STATE BUILDING CODE

M.G.L. c. 143, §51, provides, in part:

---

[2] Assuming Ms. Liu had actual knowledge of the transition from having been to Target previously, that fact bears only on her comparative negligence, see G. L. c. 231, § 85, and should not play a role in the analysis of the defendants' duty, which turns on whether the risk of injury was obvious to a hypothetical person of average intelligence. *Quinn v. Morganelli*, 73 Mass. App. Ct. 50, 54 (2008), citing *O'Sullivan v. Shaw*, 431 Mass. at 209 & n.3.

> The owner, lessee, mortgagee in possession or occupant, being the party in control, of a place of assembly, theatre, special hall, public hall, factory, workshop, manufacturing establishment or building shall comply with the provisions of this chapter and the state building code relative thereto, and such person shall be liable to any person injured for all damages caused by a violation of any of said provisions.

The Supreme Judicial Court has recognized that as to commercial property this statute creates strict liability for harm violations of c. 143 or the State Building Code. *Sheehan v. Weaver*, 467 Mass. 734, 741 (2014).

The parties' experts disagree whether the Target curb violates the applicable building code, with the principal source of disagreement seemingly being whether the location of the fall is a component of the means of egress from the store. Target's Motion does not specify how or why the area though which it intended its customers to walk into and out of its store is not a component of the means of egress, and thus Target has not established the absence of a triable issue as to Target's compliance with the State Building Code.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests the Court to deny Defendant's motion for summary judgment.

Respectfully submitted,

**JEAN LIU,**
By her attorneys,

/s/ J. Michael Conley
J. Michael Conley   (BBO# 094090)
Kenney & Conley, P.C.
100 Grandview Road
Post Office Box 9139
Braintree, MA  02185-9139
Telephone:  (781) 848-9891
michael@kenneyconley.com

Dated: October 26, 2015

**Certificate of Service**

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each other party registered for electronic notification via the Court's electronic filing system on this 26th day of October 2015.

/s/ J. Michael Conley
J. Michael Conley, Esq.  (BBO# 094090)